IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| AARON TOBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv154-HEH |
| | ) | |
| JANET NAPOLITANO, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO SECOND AMENDED COMPLAINT**

Pursuant to the Court's August 30, 2011, Order, Capital Region Airport Commission (the "Commission") and Victor Williams ("Williams") were dismissed from this action. Defendants Quenton Trice ("Trice"), Calvin Vann ("Vann"), Anthony Mason ("Mason"), and Jeffrey Kandler ("Kandler") also were dismissed in their official capacities. Defendants Trice, Vann, Mason and Kandler (collectively, the "Defendant Officers"),[1] in their individual capacities, by counsel, state for their Answer and Affirmative Defenses to the Second Amended Complaint as follows:

**ANSWER**

**Preliminary Statement**

The Defendant Officers incorporate their responses to Plaintiff's First Amended Complaint except as follows:

7. With respect to the allegations in paragraph 7, the Commission is no longer a party to this action and no response is required. To the extent a response is

---

[1] Plaintiff's Second Amended Complaint purports to include the claims and parties previously dismissed in accordance with the Court's August 30, 2011, Order (Doc. No. 54). To the extent any responses are required of the dismissed parties or with respect to the dismissed claims, the responses to Plaintiff's First Amended Complaint are incorporated herein.

required, the Defendant Officers incorporate their response to paragraph 7 set forth in their Answer to Plaintiff's First Amended Complaint.

8. With respect to the allegations in paragraph 8, Williams is no longer a party to this action and no response is required. To the extent a response is required, the Defendant Officers incorporate their response to paragraph 8 set forth in their Answer to Plaintiff's First Amended Complaint.

10. With respect to the allegations in paragraph 10, the Defendant Officers deny that Vann is a party to this action in his official capacity. The remaining allegations set forth in paragraph 10 are admitted.

11. With respect to the allegations in paragraph 11, the Defendant Officers deny that Trice, Kandler or Mason are parties to this action in their official capacities. The Defendant Officers admit the first two sentences of paragraph 11. The Defendant Officers state that Trice was Chief of the RIC Police and had some management, direction and supervisory responsibilities of the Police employed by the Commission and some responsibilities with respect to programs, policies, practices and procedures over police employed by the Commission with respect to supervision and interaction of such police with other agencies. The last two sentences in paragraph 11 are legal conclusions and require no response, however, to the extent a response is required, the Defendant Officers deny any liability. The Defendant Officers deny any allegations inconsistent herewith.

33. With respect to the allegations in paragraph 33, the Defendant Officers admit that Vann and Mason were approached by DOE and informed of the incident. The Defendant Officers deny that Vann and Mason were told to take any specific action

2

against Plaintiff. With respect to the remaining allegations in paragraph 33, the Defendant Officers lack sufficient information to admit or deny, and, therefore, they are denied.

35. With respect to the allegations in paragraph 35, the Defendant Officers lack sufficient information to admit or deny DOE's alleged actions, and therefore, those allegations are denied. The remaining allegations in paragraph 35 are denied.

67. With respect to the allegations in paragraph 67, the Commission is no longer a party to this action. Answering further, the Defendant Officers incorporate their response to paragraph 67 set forth in their Answer to Plaintiff's First Amended Complaint.

70. With respect to the allegations in paragraph 70, the Commission is no longer a party to this action. Answering further, the Defendant Officers incorporate their response to paragraph 70 set forth in their Answer to Plaintiff's First Amended Complaint.

85. With respect to the allegations in paragraph 85, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action. Answering further, the Defendant Officers incorporate their response to paragraph 85 set forth in their Answer to Plaintiff's First Amended Complaint.

86. With respect to the allegations in paragraph 86, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action. Answering further, the Defendant Officers incorporate their response to paragraph 86 set forth in their Answer to Plaintiff's First Amended Complaint.

87. With respect to the allegations in paragraph 87, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action. Answering further, the Defendant Officers incorporate their response to paragraph 87 set forth in their Answer to Plaintiff's First Amended Complaint.

89. With respect to the allegations in paragraph 89, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action. Answering further, the Defendant Officers incorporate their response to paragraph 89 set forth in their Answer to Plaintiff's First Amended Complaint.

100. With respect to the allegations in paragraph 100, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action and no response is required. To the extent a response is required, the Defendant Officers incorporate their response to paragraph 100 set forth in their Answer to Plaintiff's First Amended Complaint.

106. With respect to the allegations in paragraph 106, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action and no response is required. To the extent a response is required, the Defendant Officers incorporate their response to paragraph 106 set forth in their Answer to Plaintiff's First Amended Complaint.

113. With respect to the allegations in paragraph 113, the Commission, Williams, and Trice, in his official capacity, are no longer parties to this action and no response is required. To the extent a response is required, the Defendant Officers incorporate their response to paragraph 113 set forth in their Answer to Plaintiff's First Amended Complaint.

**Prayer For Relief**

The Defendant Officers deny that plaintiff is entitled to any relief against them and pray that all claims as to them be dismissed with prejudice.

**AFFIRMATIVE DEFENSES**

1. The Commission employees sued in their individual capacities are immune from the federal and state law claims under the doctrine of qualified immunity.

2. The Defendants Officers acted with probable cause.

3. Plaintiff's alleged damages are caused by Plaintiff's conduct and/or the conduct of others and not the conduct of the Defendant Officers.

Respectfully Submitted,

QUENTON TRICE, ANTHONY MASON, CALVIN VANN, and JEFFREY KANDLER

/s/ Belinda D. Jones
Paul W. Jacobs II (VSB No. 16815)
Henry I. Willett, III (VSB No. 44655)
Belinda D. Jones (VSB No. 72169)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel: (804) 697-4100
Fax: (804) 697-4112
Email: pjacobs@cblaw.com
Email: hwillett@cblaw.com
Email: bjones@cblaw.com

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of October, 2011, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

**James Jeffrey Knicely**
KNICELY & ASSOCIATES
487 McLaws Circle
PO Box GK
Williamsburg, VA 23187
Tel: (757) 253-0026
Email: jjk@knicelylaw.com


**Alan C Veronick**
**Anand Agneshwar**
Arnold & Porter LLP (NY-NA)
399 Park Avenue
New York, NY 10022


**Counsel for Aaron Tobey**


        /s/ Belinda D. Jones

CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel: (804) 697-4100
Fax: (804) 697-4112
Email: bjones@cblaw.com

1203016v2